ALBERT F. BARRY *et ux. vs.* ENSIGN R. WIXON.

PROVIDENCE—MARCH 28, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Deceit.   Statute of Frauds.*

In an action of deceit the plaintiffs averred that the defendant was an owner
of real estate subject to a mortgage of $9,500; that to induce the plaintiffs
to buy the same he represented that he had an agreement with the mort-
gagee not to foreclose the mortgage so long as the interest was paid, for 99
years; and that the defendant bargained and warranted that the plaintiffs
would be safe and secure in the possession of said estate for 99 years, pro-
vided only that the interest was paid; that, relying upon these representa-
tions, they purchased the property; that the representations were false;
they lost the property under foreclosure of the mortgage, after making
repairs and being subjected to expense and inconvenience; and that they
had no means of investigating the representations or learning their truth:—
*Held,* that the alleged representation was not sufficient to sustain the action.
If relied on by the plaintiffs as a material inducement to the purchase, it
should have been put into writing and made a part of the contract of pur-
  chase, as required by the statute of frauds.
*Held,* further, that as the plaintiffs did not tender the interest when due, it
did not appear that the mortgage sale by which they were deprived of the
property was due to a breach of the representation.

TRESPASS ON THE CASE FOR DECEIT.    In an action of deceit
the plaintiffs averred that the defendant was an owner of
real estate subject to a mortgage of $9,500 ; that to induce
the plaintiffs to buy the same he represented that he had an
agreement with the mortgagee not to foreclose the mortgage
so long as the interest was paid, for 99 years ; and that the
defendant bargained and warranted that the plaintiffs would
be safe and secure in the possession of said estate for 99 years,
provided only that the interest was paid ; that, relying upon
these representations, they purchased the property ; that the
representations were false ; they lost the property under fore-
closure of the mortgage, after making repairs and being sub-
jected to expense and inconvenience ; and that they had no
means of investigating the representations or learning their
truth.    Heard on petition of plaintiff for a new trial.    New
trial denied.

PER CURIAM.   We do not think that the alleged representation that the defendant had an agreement with the mortgagee by which the mortgage could run 99 years, if desired, or so long as the interest on it was paid, is sufficient to sustain the action.   If it was made and was relied on by the plaintiffs as a material inducement to the purchase of the land, they should have had it put into writing and made a part of the contract of purchase of the land from the defendant, as required by the statute of frauds.

But, apart from the consideration that the representation is not in writing, the testimony shows that the plaintiffs did not tender the interest on the mortgage when it became due, and, therefore, it does not appear that the mortgage sale by which they were deprived of the property was due to a breach of the representation.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on nonsuit for the defendant for costs.

*John F. Byrne*, for plaintiffs.

*George T. Brown*, for defendant.